IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANIEL LYNN JOHNSON, | § | |
| Institutional ID No. 02356861 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:25-CV-363-O |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Daniel Lynn Johnson for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## I.    BACKGROUND

Petitioner is serving a term of imprisonment of 75 years following his conviction in Case No. CR 14353 in the 355th Judicial District Court, Hood County, Texas, for enhanced felony DWI. ECF No. 15-32 at 141. His conviction was affirmed. *Johnson v. State*, 692 S.W.3d 660 (Tex. App.—Fort Worth 2023, pet. ref'd). On September 6, 2023, the Court of Criminal Appeals ("CCA") refused his petition for discretionary review.

On July 27, 2024, Petitioner filed his state habeas application. ECF No. 15-32 at 21 (signature page). On December 11, 2024, the CCA denied the petition without written order. ECF No. 15-31.

On February 18, 2025, the Clerk of the United States District Court for the Southern District of Texas received Petitioner's undated federal habeas petition for filing. ECF No. 1. On

March 14, 2025, the Clerk for the Southern District received Petitioner's motion for leave to file a supplemental petition, ECF No. 5, along with the proposed supplemental petition. ECF No. 6. The case was transferred to this district where Petitioner was convicted. ECF No. 7.

## II.     GROUNDS OF THE PETITION

Petitioner asserts one ground in support of his petition. He alleges that he received ineffective assistance because his counsel failed to object to improper jury arguments by the prosecutor. ECF No. 1 at 6. He asserts two grounds in support of his supplemental petition, alleging that trial counsel failed to inform him of a plea offer and that the trial court failed to properly charge the jury in accordance with Article 38.23 of the Texas Code of Criminal Procedure. ECF No. 6.

## III.    APPLICABLE LEGAL STANDARDS

### A.     Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill*

*v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.    Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal

court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112

(2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citing *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In support of his petition, Petitioner cites to two arguments made by the prosecutor in closing that he says were improper and caused him harm. The first was the statement that: "I mean, this is .28, three and a half times the legal limit. And he was out there driving that vehicle and driving that boat on the water that day." ECF No. 2 at 9[1]; ECF No. 15-27 at 41. The second was:

---

[1] The page references to the memorandum are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system.

5

> [L]et's talk about these priors. These priors came into evidence without objection from the defense, without objection. And you saw . . . and admittedly it was a little clunky on how we had to link those documents with that defendant but we did. We linked his driver's license and his date of birth and his name and his sex and his race, all of those things link up with this defendant. And it came in without objection, so those priors are prior convictions for D.W.I. that this defendant has. Ladies and gentlemen, all the evidence that you have before you clearly establishes beyond a reasonable doubt that on or about July 28, 2018, that defendant was clearly intoxicated and he did it in this county, Hood County, Texas.

ECF No. 9 at 9–10 (paraphrasing ECF No. 15-27 at 43). He alleges that his counsel rendered ineffective assistance in failing to object.

In Texas, proper jury argument may include: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) a plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Even if the argument exceeds these bounds, no reversible error occurs unless, in the light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the defendant into the trial proceeding. *Id.* The remarks must have been willful and calculated on the part of the prosecutor to deprive the defendant of a fair and impartial trial. *Id.* As the Supreme Court has determined, a prosecutor's argument only violates a defendant's constitutional rights if the statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Petitioner argues that the first statement referenced was used by the prosecutor to mislead the jury as there was no evidence that Petitioner had at any point operated a boat. ECF No. 2 at 13. As Respondent points out, the statement was in summation and was a reasonable deduction from the evidence. ECF No. 16 at 13. Witness Donald Harmon, who reported his concern about

Petitioner's condition to 911, testified that he was loading his boat at the time Petitioner was struggling a whole lot to do the same. ECF No. 15-26 at 23–25. According to Harmon:

> Well, as—as he would back in, the trailer would jackknife, and I kind of noticed there was a —you know, a little bit of aggressive driving and spinning the tires and things and there was frustration. And then he—this gentleman would back up, and the whole time that we got loaded up, he was still trying to back the trailer in. There was things like slurred speech and cussing and a lot of aggressive driving.
> . . .
> It made me think that he was under the influence of something.

*Id.* at 24. Witness Preston Whisenhunt, a Texas game warden who found Petitioner at the boat ramp, testified that Petitioner admitted to him that he had been drinking. *Id.* at 51. Whisenhunt saw beer cans in the boat and detected a strong odor of alcoholic beverage coming from Petitioner, who was sitting in the boat. *Id.* at 88–89, 91–92. After performing field tests on Petitioner, Whisenhunt concluded that Petitioner had consumed a large amount of alcohol and was intoxicated. *Id.* at 53–55. Whisenhunt's body camera footage showing his encounter with Petitioner was played for the jury. *Id.* at 58. Blood was drawn from Petitioner over two hours after Whisenhunt first encountered him. *Id.* at 74. His blood alcohol concentration was .282; the legal limit for intoxication in Texas is .08. *Id.* at 184; ECF No. 15-29 at 34.

Considering the second argument in context, it summarizes the evidence and is not a plea to find Petitioner guilty merely because of his prior convictions. *See Lewis v. State*, 191 S.W.3d 335 (Tex. App.—Waco 2006, pet. ref'd).[2] The prior convictions were jurisdictional elements of the felony offense charged and had to be proved to obtain a conviction. *See Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001). The trial court instructed the jury that they could not consider Petitioner's prior convictions as evidence of guilt. ECF No. 15-27 at 17. There is no

---

[2] As in *Lewis*, the evidence of guilt in this case was overwhelming. Petitioner has not provided any reason to believe that the prosecutor's remarks were willful and calculated to deprive him of a fair trial.

reason to believe that the jury did not follow the instructions.

Petitioner raised this same ground in his state habeas petition, which was denied. Petitioner has not shown that the state habeas court's application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. at 101, 105.

As Petitioner notes in his reply, ECF No. 19, Respondent failed to answer the supplemental petition. There is no need for a response, however, as the record establishes that the grounds are without merit. The first supplemental ground—that counsel failed to convey a plea offer to Petitioner—was not presented to the state trial court and is unexhausted. *See Johnson*, 692 S.W.3d 660 (ground not presented on appeal); ECF No. 15-32 (ground not presented in state habeas petition). Thus, the claim is procedurally defaulted and not subject to review here. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Coleman*, 501 U.S. at 735 n.1.

The second supplemental ground, complaining about the failure to instruct the jury under TEX. CODE CRIM. P. ART. 38.23, was raised on appeal and rejected. *Johnson*, 692 S.W.3d at 662–66. Petitioner pursued the ground on petition for discretionary review. ECF No. 15-22. The petition was refused. ECF No. 15-21. Petitioner has not shown that the refusal to give his requested instruction constituted a violation of his constitutional rights. In fact, he has not exhausted this ground. *Anderson*, 459 U.S. at 6; *Wilder*, 274 F.3d at 259. Despite his mention of the Fourteenth Amendment, the ground clearly attacks the trial court's failure to follow state law. ECF No. 6 at 2. Whether Texas courts erred in interpreting Texas law, however, is not for this Court to determine. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **8th** day of **July, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**